UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. OLSSON,

Plaintiff,

- against -

WENNER MEDIA LLC,

Defendant.

Civil Action No.: 11-CV-7829 (DLC)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

Lori D. Bauer
Jason A. Zoldessy

ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii-iii

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY ...................................................................................... 1

LEGAL STANDARDS APPLICABLE TO THIS MOTION .......................................... 2

LEGAL ARGUMENT .............................................................................................. 3

    POINT I .............................................................................................................. 3
    PLAINTIFF'S CLAIMS OF DISCRIMINATION AND/OR RETALIATION FAIL AS A
    MATTER OF LAW. ............................................................................................. 3

        A.   Plaintiff Does Not State a *Prima Facie* Case of Discrimination. ............................ 3
        B.   Plaintiff Does Not State a *Prima Facie* Case of Retaliation. ................................. 5

    POINT II ............................................................................................................. 5
    PLAINTIFF'S NYSHRL DISCRIMINATION CLAIMS ARE BARRED BY THE
    ELECTION OF REMEDIES DOCTRINE BECAUSE THEY WERE ALREADY FILED
    WITH AND DISMISSED BY THE NYSDHR. ......................................................... 5

    POINT III ............................................................................................................ 7
    TO THE EXTENT PLAINTIFF'S COMPLAINT IS DEEMED TO ALLEGE CAUSES OF
    ACTION FOR SLANDER AND DEFAMATION, THESE CLAIMS LIKEWISE FAIL. .... 7

        A.   Plaintiff's Claims of Slander and Defamation are Time-Barred. ............................ 7
        B.   Plaintiff's Complaint Fails to Plead a *Prima Facie* Violation of the Law. .............. 7

CONCLUSION ....................................................................................................... 9

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

Cases

Allah-Kasiem v. Rivera,
    09 Civ. 9665 (DLC), 2011 U.S. Dist. LEXIS 4793 (S.D.N.Y Jan. 18, 2011) ..........................2

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)...............................................................................................2, 3, 9

Bolt Elec. v. City of N.Y.,
    53 F.3d 465 (2d Cir. 1995).............................................................................................2

Brown v. Wright,
    226 A.D.2d 570, 641 N.Y.S.2d 125 (2d Dep't 1996) ...............................................6

Coleman v. brokersXpress, LLC,
    08 Civ. 5085 (SAS), 2009 U.S. Dist. LEXIS 8329 (S.D.N.Y. Feb. 4, 2009) ..........................3

Cruz v. Coach Stores, Inc.,
    202 F.3d 560 (2d Cir. 2000)..........................................................................................4

Darden v. Daimler Chrysler N. Am. Holding Corp.,
    191 F. Supp. 2d 382 (S.D.N.Y. 2002)........................................................................2, 3

Epifani v. Johnson,
    65 A.D.3d 224, 882 N.Y.S.2d 234 (2d Dep't 2009)................................................7, 8

Firth v. State,
    98 N.Y.2d 365 (2002) ...................................................................................................7

Geddes v. Princess Props.,
    88 A.D.2d 835, 451 N.Y.S.2d 150 (1st Dep't 1981) ...............................................8

Harris v. City of N.Y.,
    186 F.3d 243 (2d Cir. 1999)..........................................................................................2

Hawkins v. City of New York,
    No. 99 Civ. 11704 (RWS), 2005 U.S. Dist. LEXIS 15898 (S.D.N.Y. Aug. 8, 2005) ..............7

Hogans v. Dell Magazines/Penny Press,
    07 Civ. 7721 (DLC), 2008 U.S. Dist. LEXIS 20898 (S.D.N.Y. Mar. 18, 2008)......................2

Joseph v. Marco Polo Network, Inc.,
    09 Civ. 1597 (DLC), 2010 U.S. Dist. LEXIS 119713 (S.D.N.Y. Nov. 10, 2010)....................5

Lessambo v. PricewaterhouseCoopers, L.P.,
    08 Civ. 6272 (WHP), 2009 U.S. Dist. LEXIS 61912 (S.D.N.Y. June 29, 2009) ......................3

Liberman v. Gelstein,
    80 N.Y.2d 429 (1992) ................................................................................................................8

Lombard v. Station Sq. Inn Apts. Corp.,
    910 N.Y.S.2d 763, 27 Misc.3d 1237A (N.Y. Sup. Ct. 2010) ....................................................8

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973).............................................................................................................3, 5

Mitchell v. Northern Westchester Hosp.,
    171 F. Supp. 2d 274 (S.D.N.Y. 2001).......................................................................................4

Mitchell v. Project Renewal,
    09 Civ. 1958 (CM), 2010 U.S. Dist. LEXIS 8323 (S.D.N.Y. Jan. 29, 2010)...........................3

Stephan v. Cawley,
    890 N.Y.S.2d 371, 24 Misc.3d 1204A (N.Y. Sup. Ct. 2009) ....................................................7

Vivenzio v. City of Syracuse,
    611 F.3d 98 (2d Cir. 2010)........................................................................................................3

Wong v. Sunnex, Inc.,
    11 Misc. 1082A, 819 N.Y.S.2d 852 (N.Y. Sup Ct. 2006) .........................................................6

## PRELIMINARY STATEMENT

Defendant Wenner Media LLC ("Wenner Media" or "Defendant"), through its undersigned attorneys, submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Pro Se John A. Olsson's ("Plaintiff" or "Mr. Olsson") Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  In his Complaint, Plaintiff, a former employee of Defendant, alleges claims of race and gender discrimination in employment, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYSHRL").   The Complaint also alleges, in conclusory fashion, claims for slander and defamation.

As explained in greater detail below, Plaintiff's Complaint should be dismissed in its entirety as a matter of law as it fails to state a claim upon which relief can be granted. Moreover, Plaintiff is precluded from filing NYSHRL discrimination claims with the Court as the same claims were already filed with and dismissed by the New York State Division of Human Rights ("NYDSHR").

## PROCEDURAL HISTORY

On or about November 17, 2009, Plaintiff filed a Verified Complaint with the NYSDHR claiming discrimination based on gender and race/color[1].  (A copy is attached as Exhibit "A" to the accompanying Affidavit of Lori D. Bauer, Esq. In Support of Defendant's Motion to Dismiss Plaintiff's Complaint (hereinafter "Bauer Aff.")).  On May 17, 2011, the NYSDHR issued a Determination and Order After Investigation of No Probable Cause, which served to dismiss the NYSDHR Complaint.  (Bauer Aff. at Ex. "B").  On August 2, 2011, the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights,

---

[1] The NYSDHR also deemed Mr. Olsson's Verified Complaint to be for national origin discrimination.

which adopted the findings of the NYSDHR.  (Bauer Aff. at Ex. "C").  Thereafter, Plaintiff commenced the instant action by filing a Complaint with the Court on November 2, 2011. (Bauer Aff. at Ex. "D").  Defendant makes this Motion to Dismiss in lieu of an Answer.

## LEGAL STANDARDS APPLICABLE TO THIS MOTION

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).  On such a motion, the Court "must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff."  See Bolt Elec. v. City of N.Y., 53 F.3d 465, 469 (2d Cir. 1995); see also Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).  However, factual allegations set forth in the Complaint "must be enough to raise a right to relief above the speculative level" and a complaint must have "facial plausibility" in order to survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Indeed, even a *pro se* plaintiff must do more than offer "naked assertions devoid of further factual enhancement."   See Allah-Kasiem v. Rivera, 09 Civ. 9665 (DLC), 2011 U.S. Dist. LEXIS 4793, at **10-11 (S.D.N.Y. Jan. 18, 2011); Hogans v. Dell Magazines/Penny Press, 07 Civ. 7721 (DLC), 2008 U.S. Dist. LEXIS 20898, at **5-6 (S.D.N.Y. Mar. 18, 2008) (a *pro se* "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.") (internal citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(1), "it is the Court's duty to resolve disputed jurisdictional facts." Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 388 (S.D.N.Y. 2002).  In ruling on a 12(b)(1) motion to dismiss, "[t]he Court may fulfill its duty by reference to evidence outside the pleadings." Darden, 191 F. Supp. 2d at 388. Furthermore, unlike other motions to dismiss, "in resolving a challenge to subject matter

jurisdiction, the Court is not obligated to draw inferences in favor of the plaintiff." <u>Darden</u>, 191 F. Supp. 2d at 389.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS OF DISCRIMINATION AND/OR RETALIATION FAIL AS A MATTER OF LAW.

Courts in this district have dismissed claims pursuant to <u>Twombly</u> where, as here, the plaintiff failed to provide facts to support conclusory allegations.  <u>See</u> <u>Lessambo v. PricewaterhouseCoopers, L.P.</u>, 08 Civ. 6272 (WHP), 2009 U.S. Dist. LEXIS 61912, at *8 (S.D.N.Y. June 29, 2009)(dismissing discrimination claim against individual defendants where complaint consisted of conclusory allegations that statements were motivated by race)[2]; <u>Mitchell v. Project Renewal</u>, 09 Civ. 1958 (CM), 2010 U.S. Dist. LEXIS 8323, at *8 (S.D.N.Y. Jan. 29, 2010)(plaintiff failed to plead facts sufficient to allow the court to conclude that any adverse action taken against her was based upon racial discrimination); <u>Coleman v. brokersXpress, LLC</u>, 08 Civ. 5085 (SAS), 2009 U.S. Dist. LEXIS 8329 (S.D.N.Y. Feb. 4, 2009)(plaintiff's conclusory allegations fail to state a discrimination claim sufficient to survive a motion to dismiss).   In the case at hand, Plaintiff has not articulated any facts giving rise to a viable claim of discrimination or retaliation.

A.    **Plaintiff Does Not State a _Prima Facie_ Case of Discrimination.**

In order to state a _prima facie_ case of discrimination in violation of Title VII under the burden-shifting analysis established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), Plaintiff must plead the following elements[3]:  (1) he belongs to a protected class; (2)

---

[2] Copies of all unreported cases are attached collectively to the Bauer Aff. as Exhibit "E."
[3] Claims of employment discrimination under the NYSHRL are analyzed using the same substantive standards as those brought pursuant to Title VII. <u>See</u> <u>Vivenzio v. City of Syracuse</u>, 611 F.3d 98, 106 (2d Cir. 2010).

he was qualified for the position; (3) he was discharged or other adverse employment action was taken against him; and (4) the adverse employment decision occurred under circumstances giving rise to an inference of discrimination. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 567 (2d Cir. 2000). "If Plaintiff fails to make out any of these four criteria, the case must be dismissed." Mitchell v. Northern Westchester Hosp., 171 F. Supp. 2d 274, 278 (S.D.N.Y. 2001). Here, there is simply no evidence suggesting, let alone supporting an inference of discrimination.

Plaintiff alleges in the Complaint that he was slandered by a former co-worker from TIME Inc., Plaintiff's former employer, who allegedly "falsely maligned [Plaintiff's] reputation" on the basis of race and sex, as she "did not know the full story of what actually happened concerning an altercation between [Plaintiff] and a black co-worker in 1986," twenty-five (25) years prior to the date Plaintiff commenced the instant action. Plaintiff further claims that the actions of this former co-worker caused two of his managers (who purportedly were friends and colleagues of the alleged slanderer at TIME Inc.) to create a hostile work environment towards Plaintiff.

Significantly, Plaintiff's allegations have nothing to do with any alleged discrimination by Defendant. In fact, Plaintiff does not allege a single fact supporting a claim of discrimination or a hostile work environment, much less any facts suggesting that a discriminatory or hostile work environment had any relation to Plaintiff's race (which he identifies as EurAsian) or gender. While Section II(A) of Plaintiff's pro forma Complaint alleges that he was terminated and subjected to unequal terms and conditions of employment, it does not contain a single fact indicating that such adverse employment action(s) occurred under circumstances giving rise to an inference of discrimination.

As a result, Plaintiff's claims of discrimination should be summarily dismissed.

**B.**   **Plaintiff Does Not State a *Prima Facie* Case of Retaliation.**

Retaliation claims likewise are subject to the McDonnell Douglas Corp. burden-shifting analysis.  To establish a *prima facie* case of retaliation, a plaintiff must demonstrate: (1) that he participated in an activity protected by Title VII; (2) that his participation was known to his employer; (3) that his employer thereafter subjected him to a materially adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse employment action.  Joseph v. Marco Polo Network, Inc., 09 Civ. 1597 (DLC), 2010 U.S. Dist. LEXIS 119713, at *48 (S.D.N.Y. Nov. 10, 2010) (citing Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010))[4].

Plaintiff's Complaint makes no allegation of participation in any activity protected by Title VII, much less of any causal connection between protected activity and an adverse employment action.  Thus, Plaintiff's claim of retaliation fails on its face and should be dismissed.

## POINT II

**PLAINTIFF'S NYSHRL DISCRIMINATION CLAIMS ARE BARRED BY THE ELECTION OF REMEDIES DOCTRINE BECAUSE THEY WERE ALREADY FILED WITH AND DISMISSED BY THE NYSDHR.**

This Court does not have subject matter jurisdiction over Plaintiff's NYSHRL discrimination claims because Mr. Olsson previously filed a Complaint with the NYSDHR alleging the same facts.  See N.Y. Exec. Law § 292(9). This provision states, in pertinent part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction...**unless such person had filed a**

---

[4] NYSHRL retaliation claims are analyzed using the same standards as those brought pursuant to Title VII.  See Joseph, supra, 2010 U.S. Dist. LEXIS 119713, at **48-49 (citing Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010)).

**complaint...with any local commission on human rights.**
(emphasis added).

It is well settled that administrative proceedings and judicial proceedings under the NYSHRL are mutually exclusive. See Brown v. Wright, 226 A.D.2d 570, 641 N.Y.S.2d 125 (2d Dep't 1996) citing Moodie v. Federal Reserve Bank, 58 F.3d 879, 884 (2d Cir. 1995) ("Once a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred, except in the one instance where dismissal is for administrative convenience"). See also Wong v. Sunnex, Inc., 11 Misc. 1082A, 819 N.Y.S.2d 852 (N.Y. Sup Ct. 2006) ("plaintiff's election of an administrative remedy is a jurisdictional bar to commencing a lawsuit against defendants for violation of state and city human rights laws") (internal citations omitted).

The cases cited above are dispositive of Plaintiff's NYSHRL discrimination claims. It is undisputed that on or about November 17, 2009, Plaintiff filed a Complaint with the NYSDHR alleging gender and race/color discrimination. (Bauer Aff. at Ex. "A"). On May 17, 2011, the NYSDHR issued a Determination and Order After Investigation of No Probable Cause, which served to dismiss Plaintiff's administrative Complaint on the merits. (Bauer Aff. at Ex. "B"). Both Plaintiff's NYSDHR Complaint and the instant Complaint allege the same NYSHRL discrimination claims. As a result, Plaintiff elected his remedies and the instant NYSHRL discrimination claims should be dismissed in their entirety.

## POINT III

## TO THE EXTENT PLAINTIFF'S COMPLAINT IS DEEMED TO ALLEGE CAUSES OF ACTION FOR SLANDER AND DEFAMATION, THESE CLAIMS LIKEWISE FAIL.

Plaintiff's Complaint also asserts that he is complaining of slander and defamation.   However, any such claims as against Defendant are time-barred.   Moreover, Plaintiff fails to plead the necessary elements to survive a motion to dismiss.

### A.   Plaintiff's Claims of Slander and Defamation are Time-Barred.

The statute of limitations for claims of defamation, including slander, is one (1) year.  CPLR § 215(3); Firth v. State, 98 N.Y.2d 365 (2002); Stephan v. Cawley, 890 N.Y.S.2d 371, 24 Misc.3d 1204A, at *5 (N.Y. Sup. Ct. 2009).   In the case at hand, any actionable conduct occurred *at the latest* on October 28, 2009[5].  (Complaint at Section II(B)).  As Plaintiff did not commence this action under November of 2011 -- more than two years later -- any claim for defamation is time-barred.

### B.   Plaintiff's Complaint Fails to Plead a *Prima Facie* Violation of the Law.

Under New York law, "to establish a cause of action for . . . libel or slander, a plaintiff must prove the following elements: (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence in the unprivileged publication; and (4) the statement must be defamatory per se or it must have caused special harm."  See Hawkins v. City of New York, No. 99 Civ. 11704 (RWS), 2005 U.S. Dist. LEXIS 15898, at *49 (S.D.N.Y. Aug. 8, 2005) (internal citations omitted); see also Epifani v. Johnson, 65 A.D.3d 224, 233, 882 N.Y.S.2d 234, 242 (2d Dep't 2009) (same).  A false statement

---

[5] While not entirely clear, based on Plaintiff's recitation of the facts the alleged wrongful conduct may have occurred in 1986.  (Complaint at Section II(E)).  Seemingly, Plaintiff has commenced several lawsuits in recent years against former employers relating to the same or similar conduct as that at issue in the instant matter.  See Olsson v. Vertas Communications et al., Case No. 09 Civ. 5428 (S.D.N.Y. 2009); Olsson v. Imtech Graphics et al., Case No. 04 Civ. 03079 (S.D.N.Y. 2004); Olsson v. Hearst Publ'g, Case No. 05 Civ. 7441 (S.D.N.Y. 2005).

constitutes defamation *per se* when it charges another with a serious crime or tends to injure another in his or her trade, business, or profession.  Liberman v. Gelstein, 80 N.Y.2d 429, 437-38 (1992).  Under the CPLR, a plaintiff must identify each individual defamatory statement claimed to have been made, as well as to whom, when and where the statements were allegedly made, whether the statements were oral, written, or both and/or in what medium they were allegedly "published."  See CPLR § 3016(a); Epifani, 65 A.D.3d at 233, 882 N.Y.S.2d at 242 (complaint must allege time, place, and manner in which the false statement was made) (internal citations omitted).  In particular, a pleading for defamation is sufficient only if "the particular words complained of" are set forth in the complaint.  See Geddes v. Princess Props., 88 A.D.2d 835, 835, 451 N.Y.S.2d 150, 150 (1st Dep't 1981) (dismissing defamation claim and instructing the "exact words of the defamation must be spelled out in the complaint").  Dismissal is *required* where a complaint paraphrases rather than pleads the actual words used with particularity.  See Lombard v. Station Sq. Inn Apts. Corp., 910 N.Y.S.2d 763, 27 Misc.3d 1237A, at *5 (N.Y. Sup. Ct. 2010) (holding the requirement that defamatory words must "be quoted verbatim is strictly enforced" and granting motion to dismiss where "the complaint merely paraphrased the allegedly defamatory statements").

Plaintiff's Complaint falls far short of satisfying the requisite standard.   In fact, Plaintiff appears to be complaining of alleged slander committed by a former co-worker from Time, Inc. with no connection to this litigation.  To the extent Plaintiff is alleging that Defendant committed slander, Plaintiff does not identify with any degree of particularity what the purported slanderous words were, any individual who said them, or the time, place and manner in which they were made.  As a result, any claim for defamation (including but not limited to slander) should be dismissed.

\*                            \*                            \*

Plaintiff's Complaint simply includes mere labels and conclusions regarding Defendant having nothing to do with discrimination and retaliation.   Likewise, Plaintiff's Complaint fails to plead any actionable claim of defamation by Wenner Media.   Even if all reasonable inferences are drawn in Plaintiff's favor, Plaintiff's Complaint does not "raise a right to relief above the speculative level."   Accordingly, Defendant respectfully submits that Plaintiff's Complaint fails to satisfy the Twombly standard and should be dismissed.

## CONCLUSION

As set forth above, Defendant respectfully requests that the Court enter an Order: (1) dismissing Plaintiff's Complaint in its entirety, with prejudice; and (2) awarding Defendant the costs it has incurred in filing and pursuing the instant motion to dismiss, as well as such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
    666 Third Avenue
    New York, New York 10017
    (212) 545-4000

By: _____
    Lori D. Bauer
    Jason A. Zoldessy

ATTORNEYS FOR DEFENDANT

Dated:  January 23, 2012
        New York, New York