UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. OLSSON,

Plaintiff,

- against -

WENNER MEDIA LLC,

Defendant.

Civil Action No.: 11-CV-7829 (DLC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

Lori D. Bauer
Jason A. Zoldessy

ATTORNEYS FOR DEFENDANT

## PRELIMINARY STATEMENT

Defendant Wenner Media LLC ("Defendant" or "Wenner Media") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Complaint brought by Plaintiff Pro Se John A. Olsson pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

## ARGUMENT

Much like Plaintiff's Complaint, Plaintiff's Response to Defendant's Request for Dismissal ("Plaintiff's Response") fails to state a claim upon which relief can be granted. Rather, Plaintiff's submission is replete with speculation and conjecture that is insufficient to state any viable legal claim. In fact, and as discussed in greater detail below, Plaintiff's Response does not even address the arguments proffered by Defendant in Points II and III of its Memorandum of Law in Support of its Motion to Dismiss (the "Moving MOL").

### A. PLAINTIFF'S CLAIMS OF DISCRIMINATION AND/OR RETALIATION FAIL AS A MATTER OF LAW.

Factual allegations set forth in a Complaint "must be enough to raise a right to relief above the speculative level" and a complaint must have "facial plausibility" in order to survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). Herein, Plaintiff's allegations have nothing to do with discrimination or retaliation. As an initial matter, there is not a scintilla of evidence of Plaintiff's termination occurring under circumstances giving rise to any inference of discrimination. To the contrary, Plaintiff's Response is a long-winded narrative describing his speculation that Defendant terminated him because a former co-worker of his from the 1980s (who Plaintiff acknowledges he is unable to identify by name, but who he claims looked familiar to him) spread rumors about him at Wenner Media that relate to an altercation that occurred in 1986, when both

were employed elsewhere. Plaintiff does not claim, and cannot claim, what causal connection this had with his termination from Wenner Media in 2009. In the absence of any evidence of discrimination or a hostile work environment based on Plaintiff's membership in any protected classification, Plaintiff merely surmises that because he is Eurasian, Wenner Media necessarily took action against him upon learning of the alleged rumors.

Plaintiff's claims of discrimination are frivolous and a waste of precious judicial resources. Accordingly, Defendant respectfully requests that they be dismissed in their entirety. Similarly, and as set forth in Defendant's moving papers, Plaintiff's claim of retaliation fails because his Complaint (and Response) contain no allegations of participation in any activity protected by Title VII, much less of any causal connection between protected activity and an adverse employment action.

## B. PLAINTIFF'S NYSHRL CLAIMS ARE BARRED BY THE ELECTION OF REMEDIES DOCTRINE.

Plaintiff's Response does not address, much less oppose, Point II of Defendant's Moving MOL. Accordingly, and for the reasons set forth therein, Plaintiff's NYSHRL claims of discrimination should be dismissed in their entirety for lack of subject matter jurisdiction because they were already filed with and dismissed by the New York State Division of Human Rights.

## C. PLAINTIFF'S CLAIMS FOR SLANDER AND DEFAMATION FAIL AS A MATTER OF LAW.

Likewise, Plaintiff's Response does not address the legal arguments relating to Plaintiff's slander and defamation claims set forth by Defendant in its Moving MOL. First, these claims are time-barred by the one-year statute of limitations applicable to such claims as Plaintiff was terminated by Defendant in October 2009 yet did not commence this action under November

of 2011. See CPLR § 215(3); Firth v. State, 98 N.Y.2d 365 (2002); Stephan v. Cawley, 890 N.Y.S.2d 371, 24 Misc.3d 1204A, at *5 (N.Y. Sup. Ct. 2009). In addition, Plaintiff's Response (like his Complaint) does not identify each individual defamatory statement claimed to have been made, as well as to whom, when and where the statements were allegedly made, whether the statements were oral, written, or both and/or in what medium they were allegedly "published." See CPLR § 3016(a); Geddes v. Princess Props., 88 A.D.2d 835, 835, 451 N.Y.S.2d 150, 150 (1st Dep't 1981) (dismissing defamation claim and instructing the "exact words of the defamation must be spelled out in the complaint"); Lombard v. Station Sq. Inn Apts. Corp., 910 N.Y.S.2d 763, 27 Misc.3d 1237A, at *5 (N.Y. Sup. Ct. 2010) (holding the requirement that defamatory words must "be quoted verbatim is strictly enforced" and granting motion to dismiss where "the complaint merely paraphrased the allegedly defamatory statements"). In fact, Plaintiff is unable to even identify the name of the alleged slanderer, much less attribute any specific words to her. Accordingly, these claims should be summarily dismissed.

**CONCLUSION**

As this Court has held, even a *pro se* plaintiff must do more than offer "naked assertions devoid of further factual enhancement." See Allah-Kasiem v. Rivera, 09 Civ. 9665 (DLC), 2011 U.S. Dist. LEXIS 4793, at **10-11 (S.D.N.Y. Jan. 18, 2011); Hogans v. Dell Magazines/Penny Press, 07 Civ. 7721 (DLC), 2008 U.S. Dist. LEXIS 20898, at **5-6 (S.D.N.Y. Mar. 18, 2008) (a *pro se* "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.") (internal citations omitted). Accordingly, for the reasons set forth above and in Defendant's moving papers, Defendant respectfully requests that the Court enter an Order: (1) dismissing Plaintiff's Complaint in its entirety, with prejudice; and (2) awarding Defendant the costs it has incurred in

filing and pursuing the instant motion to dismiss, as well as such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

By: Lori Bauer
Lori D. Bauer
Jason A. Zoldessy

ATTORNEYS FOR DEFENDANT

Dated: March 23, 2012
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. OLSSON,

Plaintiff,

- against -

WENNER MEDIA LLC,

Defendant.

Civil Action No.: 11-CV-7829 (DLC)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2012, a true and correct copy of Defendant's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Plaintiff's Complaint was filed electronically and served on Plaintiff by placing such document in a postage prepaid envelope and causing it to be sent via First Class U.S. Mail to the following address of record of Plaintiff:

239 West 10th Street # 2-B
New York, NY 10014

By: ______________________
Jason A. Zoldessy, Esq.

4847-9018-2671, v. 1